OPINION OF THE COURT
Howard E. Levitt, J.
Motion by plaintiff for a judgment declaring that defendant Sol Goldman’s time to redeem a tax lien on certain property has expired because he failed to redeem the property within the time specified in a notice received by him is denied.
Defendant Goldman is the mortgagee of a certain parcel of property in the City of Long Beach known as Section 59, Block 89, Lots 6 and 307. The fee owners of the property stopped paying taxes in or about 1975.
In February, 1976, one Sadie Schwartz purchased a Nassau County tax lien for approximately $1,800. Thereafter she served a notice to redeem upon defendant Goldman and other interested parties. In 1980, she served two supplementary notices to redeem. Neither defendant Goldman, nor anyone else redeemed the property. In August, *472 1980 by way of quitclaim deed, she sold her interest in the property to the plaintiff, Abe Rosenberg.
On April 2, 1981, plaintiff commenced a bar claims action pursuant to RPAPL article 15. Defendant Goldman defaulted. Plaintiff moved for summary judgment on August 5, 1981. Said motion was denied by this court noting numerous defects in the notice to redeem the lien upon which the tax lien was based. Reargument was also denied by the court on November 23, 1981.
On November 25, 1981, plaintiff sent to defendant Goldman and other interested parties a notice to redeem pursuant to section 117 of the Long Beach City Charter. This notice stated that the last date he could redeem the property was February 26, 1982. The notice further stated that in the event the lien was not redeemed, plaintiff “shall elect to accept the deed of conveyance to such property”.
On February 26, 1982, the “last day”, defendant Goldman brought on a motion to vacate his prior default judgment in the bar claim action. Ostensibly, if defendant Goldman paid the Long Beach City tax lien without having the default vacated, he may have paid approximately $67,000 in city taxes and riot had any interest in the property because, theoretically, the default judgment against him cut off his mortgage interest in the property. In addition, defendant Goldman obtained a temporary restraining order enjoining plaintiff from attempting to take a deed from the City of Long Beach. By memorandum decision dated May 17, 1982 (Harwood, J.), the motion to open the default was granted.
Upon receiving a copy of said decision on May 21, 1982, counsel for defendant Goldman immediately made arrangements to redeem the Long Beach City tax lien. However, before a check in the sum of $67,872.92 could be tendered, plaintiff brought on the instant declaratory judgment action and obtained a stay against defendant Goldman redeeming or attempting to redeem such liens.
Plaintiff argues that defendant’s failure to redeem the subject property within the “statutory time” precludes him from attempting to redeem now. Citing to section 117(a) of the Charter of the City of Long Beach, plaintiff contends *473 that persons served with the notice to redeem have up to and including the date specified to redeem the property, not one day more. It states that in the event the property is not so redeemed, the lien holder shall elect to accept a tax deed.
Defendant Goldman contends that the tax lien may be redeemed by anyone at any time prior to the issuance of a treasurer’s tax deed or a judgment of foreclosure.
Depriving a person of his interest in real property is a harsh penalty for the nonpayment of a tax. The taxing body or tax lien purchaser can always be made whole by the payment of arrears with interest and expenses. Statutes restricting the manner in which real property can be used are not to be extended by implication. These statutes are to be liberally construed in favor of the owner or mortgagee and strictly construed against the tax lien holder. (Levine v Fine, NYLJ, Aug. 2,1978, p 14, col 6.) The purpose of the tax lien statute is to provide the means for local governments to collect taxes which are delinquent rather than to aid speculators to make windfall profits. Plaintiff’s reliance on section 117 of the Charter of the City of Long Beach is misplaced. The statute states in relevant part that “the last day of redemption to be specified in said notice shall be not less than three (3) months from the day of service of the same. Said notice shall further state that the purchaser of such property at such tax sales elects to accept a deed of conveyance of such property as herein provided or to call his money and foreclose his tax lien on or after a date therein mentioned not less than three (3) months after the date of service of such notice, as the case may be, in the event that such property is not redeemed on or before the date stated in such notice.” This section merely describes the method of and requirements for a notice to redeem and the contents of said notice. It is separate and apart from section 116 of the Charter of the City of Long Beach which specifically states when an owner may redeem. The language of the latter section states that “[t]he owner of, or any person interested in * * * any real estate so sold as aforesaid, may redeem the same at any time within twelve months after the date of such sale upon the following terms.” (Emphasis added.) *474 Such language is clearly precatory and at no place does such section state that redemption must or shall be made within the 12-month time period.
By contrast, subdivision 1 of section 1022 of the Real Property Tax Law provides that redemption of real property sold for taxes may be redeemed “at any time within thirty-six months after the sale, and not thereafter” (emphasis added). This is mandatory language.
The court will not imply any stricter interpretation and must presume that any legislative change affecting title to property will be expressed with the clearness which the importance of the subject demands, or so that its meaning is unmistakable. Redemption may be made after the last day stated in the notice to redeem provided it is prior to the Conveyance of a deed.
The court also notes that on the last day stated in the notice to redeem the defendant, Goldman, had the opportunity to make the said payment but opted instead to bring on a motion to vacate the default judgment. The court therein stayed plaintiff Rosenberg from obtaining a tax deed from the Long Beach City Treasurer. We cannot speculate as to whether or not redemption would have been made on that day had the stay been denied. Nevertheless, as soon as the stay was vacated, defendant Goldman tendered the necessary payment. Based upon the foregoing, the court deems this tender to be valid and accordingly grants defendant Goldman judgment dismissing the complaint and orders the defendant, City of Long Beach, to accept the said redemption check from the defendant Goldman in the sum of $67,872.92 in full payment of the subject tax lien which was assigned by said defendant to the plaintiff on or about August 14, 1981 together with costs and disbursements.